UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JESSICA AGUILAR, individually and on behalf of others similarly situated,

    Civil Case No.:

**COMPLAINT**

**CLASS ACTION**

Plaintiffs,

**FLSA COLLECTIVE ACTION**

- against -

MITO ASIAN FUSION, INC. d/b/a MITO ASIAN FUSION
and YI CHEN, WEI CHEN, YONG CHEN, YILEI CAO,
and CHANGXI ZOU individually,

Defendants.

------------------------------------------------------------------X

Plaintiff Jessica Aguilar ("Plaintiff") individually and on behalf of others similarly situated, by and through her attorney, The Law Offices of Jacob Aronauer, complaining of Mito Asian Fusion, Inc. d/b/a Mito Asian Fusion ("Asian Fusion") and Yi Chen, Wei Chen, Yong Chen, Yilei Cao and Changxi Zou, alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff and all other similarly situated non-exempt food runners and bussers to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and her similarly situated coworkers work or have worked in the kitchen at restaurants owned and/or operated by Defendants.

2. Defendants own and/or operate at least five restaurants throughout New York City, Westchester County and Suffolk County.

3. Plaintiff further complains on behalf of herself and a class of similarly situated former and current employees who worked for Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to unpaid wages and wage notice and statement damages pursuant to the NYLL, Article 6, §§ 190 et seq.; NYLL, Article 19, §§ 650 et seq.; and its supporting regulations, 12 N.Y.C.R.R. 142-2-2.

4. Plaintiff worked at the Mito Restaurant located at 64-18 108th Street, Forest Hills, NY 11375.

5. Plaintiff brings this action on behalf of herself, and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of overtime provisions of the FLSA by Defendants.

6. Plaintiff also brings this action because Defendants failed to pay Plaintiff weekly as she was a manual laborer in violation of New York Labor law § 191 frequency of wage payment provision and seek liquidated damages for this violation pursuant to NYLL § 198.

7. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§ 195 (1) and (3).

8. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensation for their failure to pay at a proper frequency, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

10. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

**Plaintiff Jessica Aguilar**

12. Aguilar is an adult individual residing in Queens County, New York.

13. From July 2021 until on or about June 31, 2023, Aguilar worked for Defendants.

14. Aguilar was employed as a food runner and a busser.

**Corporate Defendant**

15. On information and belief, Mito Asian Fusion Inc. is a New York entity operating in the restaurant industry, having its principal place of business located at 64-18 108th Street, Forest Hills, NY 11375.

16. At all times relevant to this action, Asian Fusion has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. On information and belief, Asian Fusion has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Individual Defendants**

18. Defendant Yi Chen is a person engaged in business in Queens County, Westchester County, New York County and Suffolk County who is sued individually in his capacity as an owner, officer and/or agent of Asian Fusion.

19. On information and belief, Yi Chen maintains control, oversight and direction over Asian Fusion.

20. On information and belief, Yi Chen exercises sufficient control over Asian Fusion to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Yi Chen had overall operational control over Asian Fusion, possessed an ownership interest in Asian Fusion, had the authority to hire and fire Plaintiff, and established and maintained policies regarding the pay practices at Asian Fusion.

21. Yi Chen had substantial control over Plaintiff's working conditions and the practices alleged herein.

22. Defendant Wei Chen is a person engaged in business in Queens County, Westchester County, New York County and Suffolk County, who is sued individually in his capacity as an owner, officer and/or agent of Asian Fusion.

23. On information and belief, Wei Chen maintains control, oversight and direction over Asian Fusion.

24. On information and belief, Wei Chen exercises sufficient control over Asian Fusion to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Wei Chen had overall operational control over Asian Fusion, possessed an ownership interest in Asian Fusion, had the authority to hire and fire Plaintiff, and established and maintained policies regarding the pay practices at Asian Fusion.

25. Wei Chen had substantial control over Plaintiff's working conditions and the practices alleged herein.

26. Defendant Yong Chen is a person engaged in business in Queens County, Westchester County, New York County and Suffolk County, who is sued individually in his capacity as an owner, officer and/or agent of Asian Fusion.

27. On information and belief, Yong Chen maintains control, oversight and direction over Asian Fusion.

28. On information and belief, Yong Chen exercises sufficient control over Asian Fusion to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Yong Chen had overall operational control over Asian Fusion, possessed an ownership interest in Asian Fusion, had the authority to hire and fire Plaintiff, and established and maintained policies regarding the pay practices at Asian Fusion.

29. Yong Chen had substantial control over Plaintiff's working conditions and the practices alleged herein.

30. Defendant Yilei Cao is a person engaged in business in Queens County, Westchester County, New York County and Suffolk County, who is sued individually in his capacity as an owner, officer and/or agent of Asian Fusion.

31. On information and belief, Yilei Cao maintains control, oversight and direction over Asian Fusion.

32. On information and belief, Yilei Cao exercises sufficient control over Asian Fusion to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Yilei Cao had overall operational control over Asian Fusion, possessed an ownership

interest in Asian Fusion, had the authority to hire and fire Plaintiff, and established and maintained policies regarding the pay practices at Asian Fusion.

33. Yilei Cao had substantial control over Plaintiff's working conditions and the practices alleged herein.

34. Defendant Changxi Zou is a person engaged in business in Queens County, Westchester County, New York County and Suffolk County who is sued individually in his capacity as an owner, officer and/or agent of Asian Fusion.

35. On information and belief, Changxi Zou maintains control, oversight and direction over Asian Fusion.

36. On information and belief, Changxi Zou exercises sufficient control over to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Changxi Zou had overall operational control over Asian Fusion, possessed an ownership interest in Asian Fusion, had the authority to hire and fire Plaintiff, and established and maintained policies regarding the pay practices at Asian Fusion.

## **CLASS ALLEGATIONS**

37. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

38. Plaintiff brings NYLL claims on behalf of all non-exempt employees who worked for Defendants as food runners and bussers and were not paid their proper wages in compliance with the NYLL during the six years prior to the filing of this case or between filing and the entry of judgment in this case (the "Class").

39. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to

Plaintiff and calculation of such numbers would require facts in the sole control of Defendants, upon information and belief, there are more than one hundred members of the Class during the relevant period.

40. The claims of Plaintiff are typical of the claims of the Class.

41. Plaintiff will fairly and adequately protect the interests of the Class.

42. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where the individual Plaintiff lacks the financial resources to vigorously prosecute a lawsuit in court against Defendants. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual class members are not de minimus, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class action litigation and certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

43. Defendants have acted on grounds generally applicable to the Class, thereby making declaratory relief appropriate for the Class.

44. There are questions of law and fact common to the Class which predominate any questions solely affecting individual members of the class, including:

    a. Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

b. Whether Defendants failure to pay the Class overtime wages at a rate of one and one-half times Plaintiff's regular rate of pay was a policy and/or practice effectuated through the relevant class period;

c. Whether Defendants failed to pay Plaintiff and the Class minimum wage in compliance with the NYLL;

d. Whether Defendants failed to pay Plaintiff and the Class overtime in compliance with the NYLL;

e. Whether Defendants failed to pay Plaintiff and the Class spread of hours pay in compliance with the NYLL;

f. Whether Defendants failed to pay Plaintiff and the Class weekly;

g. Whether Defendants failed to pay Plaintiff and the Class all earned wages;

h. Whether Defendants failed to provide non-exempt employees with accurate wages statements as required under the NYLL;

i. Whether Defendants failed to furnish the Class with wage notices and statements as required by the NYLL:

j. The nature and extent of the class-wide injury and measure of damages for those injuries; and

k. What proof of hours worked is sufficient where employers fail in their duty to maintain true and accurate time records.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

45. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of herself and all other similarly situated persons who worked as food runners and bussers of

Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective.")

46. The FLSA Collective consists of approximately fifty similarly situated current and former food runners and bussers who have been victims of Defendants' common policy and practices that have violated the FLSA Collective's rights under the FLSA by, inter alia, willfully denying them wages.

47. Defendants have engaged in unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiffs and the FLSA Collective.

48. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## STATEMENT OF FACTS

**The Mito Asian Fusion Empire**

49. As set forth herein, there are at least five Asian Fusion restaurants.

50. The locations of the five Asian Fusion restaurants are as follows: (1) 476 Smith Haven Mall, Lake Grove, NY 11755; (2) 210-35 26th Ave, Bayside, NY 11360; (3) 8000 Mall Walk Unit #5A50, Yonkers, NY 10704; (4) Forest Hills, 64-18 108th Street, Forest Hills, NY 11375; (5) 48 Deer Pk Ave, Babylon, NY 11702.

51. The restaurants jointly owned and operated as a common enterprise as set forth in the Mito Asian Website: https://themito.com/menu.html.

**Plaintiff's Employment with Defendants**

52. As noted earlier, from July 2021 until June 31, 2023, Plaintiff worked for Defendants at their 64-18 108th Street, Forest Hills, NY location.

53. Plaintiff initially worked as a busser and then was promoted to food runner.

54. Throughout Plaintiff's employment, Plaintiff worked five days a week.

55. From Monday through Tuesday Plaintiff would work from 11:15 a.m. to 10:00 p.m. with a one-hour lunch break.

56. From Friday through Saturday, Plaintiff would work from 11:15 a.m. to 11:00 p.m. with a one-hour lunch break.

57. On Sunday, Plaintiff would work from 11:30 a.m. to 10:00 p.m. with a one-hour lunch break.

58. Plaintiff was not required to clock in or clock out.

59. For the first month in employment, Plaintiff was paid entirely in cash 'off the books.'

60. After the first month, Plaintiff was paid 31.15 hours on the books by check and the rest 'off the books' in cash.

61. Plaintiff was initially paid $130 a day as a busser.

62. Beginning in January 2022, Plaintiff started working $140 per day as a food runner.

63. In January 2023, Plaintiff earned $150 per day.

64. In May 2023, Plaintiff was paid $175 per day.

65. Throughout her employment with Defendants, Plaintiff was regularly scheduled to work more than forty hours each week.

66. Throughout her employment with Defendants, Plaintiff was not compensated at the appropriate overtime rate of pay for the hours she worked in excess of forty hours per week.

67. Plaintiff's pay for this time period was not inclusive of overtime.

68. Defendants never provided Plaintiff with a written wage notice in English and her native language, Spanish, setting forth her regular hourly rate of pay and corresponding overtime rate of pay.

69. When Plaintiff was paid by Defendants, Defendants did not provide Plaintiff with a statement, or any other documentation of her hours worked during that pay period or her rate of pay.

70. During Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

71. Plaintiff was frequently not paid weekly by Defendants even though Defendants were required to do so under the law.

**Defendants' Violations of the Wage Theft Prevention Act**

72. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

73. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

74. Plaintiff was never given a proper notice, in English and her native language, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,

including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**Prior Lawsuit**

75. Defendants are no stranger to wage and hour lawsuits.

76. This is at least the second lawsuit against Defendants for unpaid wages under the FLSA and the NYLL.

77. The first lawsuit was *Hong v. Mito Asian Fusion, Inc. et al.*, 19-cv-03149 (TAM).

78. On June 8, 2023, this matter was settled with Plaintiff's counsel receiving $33,199.54 (through an application for attorney fees) and the plaintiff receiving $25,000.00.

## FIRST CAUSE OF ACTION
### Unpaid Overtime Wages in Violation of the Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

79. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

81. Defendants willfully failed to pay Plaintiff and the FLSA Collective the appropriate overtime premiums for all hours worked in excess of forty hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations.

82. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

83. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

84. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

### SECOND CAUSE OF ACTION
### Unpaid Overtime Wages in Violation of New York Labor Law
### (On Behalf of Plaintiff and the Rule 23 Class)

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. At all times relevant to this action, Plaintiff and the putative class were employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

87. Defendants failed to pay Plaintiff and the Class Members the overtime premium of one and one-half times the regular hourly rate of pay for all hours worked in excess of forty hours per week, in violation of the NYLL.

88. Through their knowing or intentional failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of forty hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

89. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Unpaid Minimum Wages in Violation of New York Labor Law**
**(On Behalf of Plaintiff and the Rule 23 Class)**

90. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

91. At all times relevant to this action, Plaintiff and the putative class were employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

92. Defendants failed to pay Plaintiff and the Class Members minimum wage for hours worked in violation of the NYLL.

93. Through their knowing or intentional failure to pay Plaintiff and Class Members minimum wages for hours worked, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

94. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Spread of Hours Pay**
**(On Behalf of Plaintiff and the Rule 23 Class)**

95. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

96. At all times relevant to this action, Plaintiff and the Class Members were employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

97. Throughout their employment, Plaintiff and the Class Members frequently worked ten hours or more in a workday.

98. Defendants willfully failed to compensate Plaintiff and the Class Members with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

99. As a result of Defendants' NY Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants unpaid spread of hours and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(On behalf of Plaintiff and the Rule 23 Class)**

100. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

101. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the Class Members.

102. At all relevant times, Plaintiff and the Class were "manual laborers" within the meaning of New York Labor Law.

103. Defendants failed to pay Plaintiff and the Class Members on a timely basis as required by NYLL § 191(1)(a),

104. Throughout their employment, Plaintiff and the Class members frequently were not paid on a weekly basis.

105. Due to Defendants violations of NYLL § 191(1)(a), Plaintiff and the New York Class are entitled to recover from Defendants the amount of the delayed wages by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Pay Wages under NYLL § 663
### (On behalf of Plaintiff and the Rule 23 Class)

106. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

107. At all relevant times, Plaintiff and the Class were "employees" within the meaning of the New York Labor Law.

108. Similarly, at all relevant times, Defendants, including the individually named Defendants, were "employers" within the meaning of the New York Labor Law.

109. Defendants failed to pay Plaintiff for her earned wages for the periods of time and in the manner as set forth above.

110. Defendants' failure to pay Plaintiff her earned wages was willful and not based on any good faith belief of compliance with the New York Labor Law § 663, et seq.

111. As a result of the foregoing, Plaintiff has been denied wages required under New York Labor Law § 663 et seq., and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorney fees and costs.

### SEVENTH CAUSE OF ACTION
### Failure to Provide Annual Wage Notices in Violation of New York Labor Law
### (On Behalf of Plaintiff and the Rule 23 Class)

112. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

113. Defendants have willfully failed to supply Plaintiff and the Class Members with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as in her primary language, containing Plaintiff's and the Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

114. Through their knowing or intentional failure to provide Plaintiff and the Class Members with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the Class Members are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**EIGHTH CAUSE OF ACTION**
**Failure to Provide Wage Statements in Violation of New York Labor Law**
**(On Behalf of Plaintiff and the Rule 23 Class)**

115. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

116. Defendants have willfully failed to supply Plaintiff and the Class Members with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

117. Through their knowing or intentional failure to provide Plaintiff and the Class Members with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

118. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class Members are entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff and the Class Members with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

(a) That, at the earliest possible time, Plaintiff be permitted to give notice of this class action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up

through and including the date of this court's issuance of court-supervised notice, been employed by Defendants;

(b) Certification of this case as a class action pursuant to FRCP 23;

(c) Designation of Plaintiff as a Class Representative;

(d) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b)

(e) Damages for the unpaid wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(f) Damages for the unpaid wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

(g) Liquidated damages for failure to timely make payment pursuant to the NYLL;

(h) Damages for failure to make all required payments pursuant to the NYLL;

(i) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, § 198;

(j) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(k) Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(l) For pre-judgment and post-judgment interest on the foregoing amounts;

(m) For the costs and disbursements of the action, including attorney's fees; and,

(n) For such other further and different relief as the Court deems just and proper.

Dated: September 19, 2023
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s/ Jacob Aronauer*
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorneys for Plaintiff*